UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNDON JACKSON,<br><br>              Plaintiff,<br><br>   v.<br><br>THE BOEING COMPANY,<br><br>             Defendant. | CASE NO. C21-654 MJP<br><br>ORDER ON MOTION TO APPOINT COUNSEL AND MOTION FOR EXTENSION |

    This matter comes before the Court on Plaintiff Lyndon Jackson's Third Motion to Appoint Counsel. (Dkt. No. 23.) Having reviewed the Motion, the Complaint, and all supporting materials, the Court REFERS the Motion to the District's Non-prisoner Civil Rights Case Screening Committee and GRANTS Plaintiff's Motion for Extension of the JSR Deadline (Dkt. No. 24).

    "[T]here is "no constitutional right to counsel in a civil case." <u>Adir Int'l, LLC v. Starr Indem. & Liab. Co.</u>, 994 F.3d 1032, 1038–39 (9th Cir. 2021). But under 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem

just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." "Three factors are relevant to the trial court's determination whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff's claim." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982).

      Considering the three factors set out in Ivey, the complaint, and the additional information provided by Jackson in his amended "Statement of Merit," the Court finds appointment of counsel may be appropriate. First, as demonstrated by Jackson's ability to pay the filing fee, it appears Jackson has some funds available to retain an attorney. This fact weighs against appointment of counsel. Second, Jackson states that he has reached out to 20 attorneys, apparently without success. This factor weighs somewhat in favor of appointment of counsel. Third, after having reviewed the complaint and the record, including the amended "Statement of Merit," the Court finds that Jackson has identified sufficient facts that likely merit appointment of counsel. Jackson's claims of racial discrimination also present what appear to be potentially complex legal and factual issues. Considering the Ivey factors, the Court finds that the present action likely possesses sufficient merit to warrant appointment of counsel. But before granting or denying the motion, the Court would like to obtain a recommendation from the District's Non-prisoner Civil Rights Case Screening Committee on whether it believes appointment of counsel is merited. The Court therefore REFERS Jackson's Third Motion to Appoint Counsel to the Screening Committee consistent with the District's Plan for the Representation of Pro Se Litigants. See General Order 16-20 § 3(c) (W.D. Wash. Dec. 8, 2020) (available at: https://www.wawd.uscourts.gov/sites/wawd/files/GO16-20AmendedProBonoPlan.pdf). After the

Screening Committee reviews this matter and makes its recommendation, the Court will render a final decision on Jackson's Third Motion to Appoint Counsel. See General Order 16-20 at § 3(g). Consistent with this Order, the Court further DIRECTS Emily Nero, Coordinator of the Pro Bono Panel, to forward a copy of Jackson's Third Motion to Appoint Counsel and this Order, along with a copy of his initial complaint (Dkt. No. 10), to the Screening Committee for its review.

The Court notes that Jackson is not proceeding in forma pauperis, and hereby advises him that, in accordance with the Plan for the Representation of Pro Se Litigants "[t]he appointed attorney or the firm with which the attorney is affiliated shall seek reimbursement from the pro se litigant for the costs incurred in litigating the action to the extent the litigant is able to bear such costs." See General Order 16-20 at § 5(a).

Given the Court's referral to the Screening Committee, the Court therefore GRANTS Jackson's separate Motion for Extension of the JSR Deadline. (Dkt. No. 24.) The Court will reset that deadline after it receives the Screening Committee's recommendation.

The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated January 7, 2022.

Marsha J. Pechman
United States Senior District Judge