UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNDON JACKSON, | CASE NO. C21-654 MJP |
| Plaintiff, | ORDER ON THIRD MOTION TO APPOINT COUNSEL |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Lyndon Jackson's Third Motion to Appoint Counsel. (Dkt. No. 23.) The Court earlier referred Plaintiff's Motion to the District's Non-prisoner Civil Rights Case Screening Committee. (Dkt. No. 25.) The Committee has reviewed the matter and recommends "that counsel be appointed for the limited purpose of representing and advising the Plaintiff in connection with an ADR settlement process." Having reviewed the Motion and considered the Committee's recommendation, the Court GRANTS Plaintiff's Motion in part.

## ANALYSIS

"[T]here is "no constitutional right to counsel in a civil case." <u>Adir Int'l, LLC v. Starr Indem. & Liab. Co.</u>, 994 F.3d 1032, 1038–39 (9th Cir. 2021). But under 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." "Three factors are relevant to the trial court's determination whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff's claim." <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 269 (9th Cir. 1982).

Considering the three factors set out in <u>Ivey</u>, the complaint, the additional information provided by Jackson in his amended "Statement of Merit," and the recommendation of the Committee, the Court finds appointment of counsel for a limited purpose to be appropriate. First, as demonstrated by Jackson's ability to pay the filing fee, it appears Jackson has some funds available to retain an attorney. This fact weighs against appointment of counsel. Second, Jackson states that he has reached out to 20 attorneys, apparently without success. This factor weighs somewhat in favor of appointment of counsel. Third, after having reviewed the complaint and the record, including the amended "Statement of Merit," the Court finds that Jackson has identified sufficient facts that likely merit appointment of counsel. Jackson's claims of racial discrimination also present what appear to be potentially complex legal and factual issues. Considering the <u>Ivey</u> factors, the Court finds that the present action likely possesses sufficient merit to warrant appointment of counsel. But in light of the Committee's recommendation, the Court finds that pro bono counsel should be appointed only for a limited purpose. Counsel

1 | appears needed and useful for two limited purposes: (1) to assist Jackson in serving his
2 | complaint and to advise him in preparing the joint status report; and (2) advising and
3 | representing Jackson in connection with any ADR settlement negotiations. The Court therefore
4 | DIRECTS the Coordinator of the Pro Bono Panel to identify an attorney(s) or law firm from the
5 | Pro Bono Panel to represent Jackson for the limited purpose of: (1) assisting Jackson in serving
6 | his complaint and advising him in preparing the joint status report; and (2) advising and
7 | representing Jackson in connection with any ADR settlement negotiations. On this basis the
8 | Court GRANTS in part Jackson's Motion.

9 |     The Court notes that Jackson is not proceeding <u>in forma pauperis</u>, and hereby advises him
10 | that, in accordance with the Plan for the Representation of <u>Pro Se</u> Litigants "[t]he appointed
11 | attorney or the firm with which the attorney is affiliated shall seek reimbursement from the <u>pro
12 | se</u> litigant for the costs incurred in litigating the action to the extent the litigant is able to bear
13 | such costs." <u>See</u> General Order 16-20 at § 5(a).

14 |     Once counsel has been appointed, the Court will reset the initial case deadlines.

15 |     The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

16 |     Dated February 11, 2022.

Marsha J. Pechman
United States Senior District Judge