1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LYNDON JACKSON,

                Plaintiff,

     v.

THE BOEING COMPANY,

                Defendant.

CASE NO. C21-654 MJP

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

16    This matter comes before the Court on Defendant's Motion to Dismiss. (Dkt. No. 29.)

17 Having considered the Motion, Plaintiff's Opposition (Dkt. No. 36), the Reply (Dkt. No. 37), and

18 all supporting materials, the Court GRANTS the Motion and DISMISSES this action.

19                                    **BACKGROUND**

20    Plaintiff Lyndon Jackson has filed a <u>pro se</u> lawsuit against The Boeing Company for what

21 he alleges to be racial discrimination and retaliation. (Complaint at 9 (Dkt. No. 10).) Jackson is

22 Black and alleges that on account of his "race" and "color" (<u>see id.</u>) Boeing engaged in a variety

23 of discriminatory conduct, including: (1) failure to hire; (2) failure to promote; (3) termination;

24

(4) unequal terms and conditions of employment; and (5) retaliation. (Id.) Prior to filing suit, Jackson filed a charge with the EEOC in January 27, 2021, and received a notice of right to sue letter on February 16, 2021 that is attached to the Complaint. (Dkt. No. 10 at 11; Dkt. No. 10-1 (EEOC Letter and Complaint).) In the EEOC Charge, Jackson alleges that he was discriminating and retaliated against on account of his race. (Dkt. No. 10-1.)

Jackson's EEOC Charge alleges that he was hired on March 1, 2019 as a Structural Analysis Engineer, despite having applied for a Structural Design Engineer position. (Dkt. No. 10-1 at 3.) He began working on the 767 Fuselage Group and reported to David Morgan, who is White. (Id.) Jackson did not like this work. (Id.) In July 2019, Morgan moved Jackson to a different group and told Jackson that he was assigned to the 767 Group to "see how [he] was progressing." (Id.) Jackson alleges that he never received an initial performance management discussion, meaning he received no "coaching, feedback, development, or assessment that [he] needed to be successful." (Id.) In July 2019, Jackson began working in the 777 Fuselage Group, under the management of Thomas Stevenson who is White. (Id.) He "received a performance review that indicate [he] was performing well." But in November 2019, he was assigned a new manager, Matthew Peterson (who is White), who apparently ignored Jackson's request to be reassigned. (Id. at 3-4.) In the meantime, he had applied for and was not hired for other jobs in the company. (Id. at 4.) Jackson alleges he received a mediocre performance review in December 2019 and was told on May 31, 2020 that he was being laid off because "the company was going through financial issues." (Id.) He states that many other employees were laid off at the same time, but he was unsure how many other Structural Analysis Engineers were in the lay-off. Prior to his termination, Jackson states that in June 2020, "someone found a racial slur on a managers['] desk and reported it" and that he was aware of "serious race related issues" at

1    Boeing, including a negative social media post about the "George Floyd incident" that led to 60

2    Boeing employees being reprimanded or terminated. (Id.) Jackson alleges that he had been

3    "subjected to retaliation and discrimination (harassment) in violation of Title VII of the Civil

4    Rights Act of 1964, as amended." (Id.) The EEOC issued a Right to Sue letter on February 16,

5    2021, and Plaintiff filed this lawsuit on May 14, 2021—within the 90 day window. (Id.;

6    Complaint (Dkt. No. 1).)

7            Jackson's Complaint adds further details to the allegations in the EEOC Charge. Jackson

8    alleges that he was "misled about career opportunities within the company," and misled to

9    believe that he would receive training on structural engineering, about which he had little prior

10   experience. (Compl. at 4.) He says that he was duped into taking a lower paying job and that he

11   would not have taken it if he knew he would have received no training. (Id. at 4-5.) He then

12   alleges that his managers failed to meet their duties under the "Boeing-SPEEA collective

13   bargaining agreement as well as their duties as outlined in the job profile." (Id. at 5.) Jackson

14   alleges that his performance "was never assessed fairly against Level 1 peers." (Id. at 6.) He

15   alleges that his managers improperly relied on the opinions of lead engineers to measure

16   performance, and failed to account for his background in aircraft maintenance. (Id.) As a result

17   of the lack of coaching and feedback, Jackson alleges that his ability to flourish at work was

18   hampered. (Id. at 7.) Jackson also faults the various lead engineers under whom he worked, as

19   having failed to provide instruction and for assigning work beyond his responsibilities. (Id. at 7-

20   8.) Jackson alleges that the lead engineers would "berate [him] in front of [his] coworkers for

21   [his] team and claim [he] was stupid rather than blame the lack of fundamental training and

22   coordination across the organization." (Id. at 8.) Jackson also claims that he attempted to find

23   permanent reassignment within Boeing from July 2019 to July 2020 without success. (Id.)

24

1    Jackson has asked the Court three times to appoint counsel. In his third motion, Jackson

2    ties his allegations of mistreatment by his managers and lead engineers to being "Black/African-

3    American." (Third Motion to Appoint at 5, 9-13 (Dkt. No. 23 at 5, 9-13).) He also alleges he was

4    hired by Boeing on the "false pretenses" due to "the Boeing Company's desperate attempt to

5    increase diversity." (Id. at 9.) And he suggests he endured a "hostile or offensive work

6    environment," a theory he then addresses in more detail in his Opposition to the Motion to

7    Dismiss. (Id. at 11; Pl. Opp. at 3-4 (Dkt. No. 36).)

8                                          **ANALYSIS**

9    **A.     Legal Standard**

10    There are certain minimum standards that apply to any complaint filed in federal district

11    court. Plaintiff's complaint must satisfy the standards set out in Rule 8 of the Federal Rules of

12    Civil Procedure. To satisfy Rule 8, a complaint "must contain sufficient factual matter, accepted

13    as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662,

14    678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial

15    plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

16    inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "But

17    where the well-pleaded facts do not permit the court to infer more than the mere possibility of

18    misconduct," the allegations are inadequate to satisfy Rule 8. Id. at 679. And "[w]here a

19    complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the

20    line between possibility and plausibility of entitlement to relief." Twombly, 559 U.S. at 557

21    (quotation omitted); see Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) ("[C]onclusory

22    allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.")

23    But the Ninth Circuit "continues to construe pro se filings liberally when evaluating them under

24

1    [the] Iqbal" standard. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). This "obligation

2    remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings

3    liberally and to afford the petitioner the benefit of any doubt." Id. (citation and quotation

4    omitted).

5            The Court notes at the outset that it will limit its review of the claims to Jackson's

6    Complaint and the EEOC Charge. Jackson has made other factual allegations in his motions to

7    appoint counsel. While the Court has considered those in the context of Jackson's request for

8    counsel, the Court finds that it should limit its review to the Complaint and EEOC charge. See

9    Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) ("[C]ourts, when ruling on a motion to

10   dismiss, must disregard facts that are not alleged on the face of the complaint.") (citations

11   omitted). But the statements in the motions for appointment of counsel do suggest that Jackson

12   has the capacity and interest in amending his initial complaint.

13   **B.      Disparate Treatment Discrimination Claim**

14           Boeing asks the Court to dismiss Jackson's discrimination claim on the theory that it: (1)

15   is untimely and barred by the statute of limitations; and (2) relies on implausible allegations of

16   discrimination. The Court agrees in part that some of the claims Jackson pursues are barred by

17   the statute of limitations and that the complaint fails to state a claim for discrimination.

18           **1.      Untimely Claims**

19           Title VII of the Civil Rights Act requires a plaintiff challenging a discrete adverse

20   employment action to file a charge of discrimination with the EEOC within 300 days of the

21   employment action. See 42 U.S.C. § 2000e-5(e)(1). If the EEOC tells the plaintiff that it will not

22   pursue the charge and gives the plaintiff a right to sue notice, the plaintiff must then file their

23   lawsuit within 90 days of receiving notice. 42 U.S.C. § 2000e-5(f)(1). Jackson timely filed his

24

1  lawsuit within 90 days of the Right to Sue letter, but Boeing challenges the timeliness of his

2  underlying claims.

3      To be timely, Jackson's claims premised on discrete acts of discrimination must have

4  occurred no earlier than April 2, 2020, which is 300 days before January 27, 2021 (the date he

5  filed his EEOC complaint). Considering the allegations in the Complaint, the Court notes that the

6  claims of disparate treatment arising out of the following events are untimely: (1) Jackson's

7  hiring in March 2019; (2) Jackson's reassignment to the 777 Fuselage Group in July 2019; (3)

8  Boeing's apparent refusal to hire Jackson for another job that he applied for in November 2019;

9  (4) Boeing's denial of Jackson's request for temporary rotation assignment; and (5) an adverse

10 performance review from December 2019. Jackson's Complaint also suggests he suffered

11 discrete discrimination in the form of a failure to train, provide feedback, and coaching, and that

12 he was asked to perform tasks outside his job duties. It is unclear when these acts occurred. To

13 the extent that they occurred before April 2, 2020, they cannot serve as the basis for Jackson's

14 claims. But, Jackson has timely challenged his termination as an act of discrimination.

15     In opposition, Jackson suggests that he was subjected to a hostile work environment and

16 that his claim is timely because the events constituting the hostile work environment span his

17 entire employment. (Pl. Opp. at 3 (Dkt. No. 36).) The problem with this argument is that Jackson

18 has not adequately alleged a hostile work environment claim in the first instance. To plead a

19 hostile work environment claim, Jackson "must show: (1) that he was subjected to verbal or

20 physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that

21 the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's

22 employment and create an abusive work environment. Vasquez v. Cnty. of Los Angeles, 349

23 F.3d 634, 642 (9th Cir. 2003), as amended (Jan. 2, 2004). Jackson's Complaint and EEOC

24

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 6

1   Charge make no mention of a hostile work environment. And Jackson fails to allege any facts

2   that he was subjected to racially-motivated verbal or physical conduct that was sufficiently

3   severe or pervasive to alter the conditions of his employment. He identifies a lead engineer who

4   berated him in front of others and called him stupid. (Compl. at 8.) But Jackson fails to identify

5   his race as being the basis for this activity. Similarly, Jackson fails to explain how Boeing's

6   failure to promote, hire, train, or coach him created a hostile work environment or that these

7   omissions were racially motivated. And Jackson fails to allege that the working environment was

8   "both subjectively and objectively" abusive. See Vasquez, 349 F.3d at 642. As such any claim of

9   a hostile work environment has not been adequately pleaded and cannot serve to make the

10  alleged actions pre-dating April 2, 2020 to be timely.

11         The Court GRANTS in part Boeing's Motion and Court DISMISSES Jackson's claims

12  that involve adverse employment actions occurring before April 2, 2020. The dismissal is WITH

13  PREJUDICE because those claims cannot be saved via amendment. The Court also DISMISSES

14  Jackson's claims premised on the failure to train, provide feedback and coaching, and

15  requirement to work beyond his scope of employment as untimely given the lack of adequate

16  pleading as to the date the events occurred. But the dismissal is WITHOUT PREJUDICE,

17  because these claims could be saved by amendment if they occurred after April 2, 2020. Should

18  Jackson seek to add facts showing these claims are timely, he must also correct the deficiencies

19  noted in the subsection below regarding those same claims.

20         **2.    Adequacy of Alleged Discrimination**

21         Boeing argues that Jackson's Complaint fails to adequately plead claims of disparate

22  treatment even if they are timely. The Court agrees.

23

24

1    To assert a claim of discrimination, Jackson must satisfy four elements by alleging that:

2    "(1) [he] belongs to a protected class; (2) [he] was qualified for [his] position; (3) [he] was

3    subject to an adverse employment action; and (4) similarly situated individuals outside [his]

4    protected class were treated more favorably." Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th

5    Cir. 2008). As to the third element, an adverse employment action means an action that

6    "materially affect[s] the compensation, terms, conditions, or privileges of . . . employment." Id.

7    1089 (quotation and citation omitted). And as to the fourth element, Jackson "must identify

8    employees outside [his] race . . . who were similarly situated to [him] in all material respects but

9    who were given preferential treatment; they must have similar jobs and display similar conduct."

10   Campbell v. Hawaii Dep't of Educ., 892 F.3d 1005, 1015 (9th Cir. 2018) (internal quotation

11   marks and citation omitted).

12   Boeing argues that Jackson has failed to allege an adverse employment action to support

13   his disparate treatment claims. The Court here focuses on those claims that are not time barred,

14   but for which additional facts must be pleaded. Theose are Jackson's claims regarding the failure

15   to train, failure to provide feedback and coaching, and the requirement to work on tasks outside

16   his job duties. The Court finds that Jackson has not sufficiently alleged these to be adverse

17   employment actions. Jackson has not articulated how these omissions or job demands materially

18   affected his compensation, the terms or conditions of his employment, or any privileges of his

19   job. Jackson has alleged that the lack of training was one reason that lead engineers "would

20   berate [him] in front of [his] coworkers." (Compl. at 8.) But Jackson has not sufficiently detailed

21   how this materially impacted the terms or conditions of his employment. On this basis, the Court

22   DISMISSES the claims related to these acts, which do not meet the pleading standard. The

23   DISMISSAL is WITHOUT PREJUDICE because Jackson could save these claims by

24

1    amendment. The Court also notes that Jackson's termination can constitute an adverse

2    employment action and that Boeing has not challenged it on those grounds.

3         Boeing also argues that Jackson has failed to satisfy the fourth element of his disparate

4    treatment claims—that similarly situated persons outside his protected class were treated more

5    favorably. The Court agrees. First, Jackson has failed to identify other similarly situated people

6    outside his class who received adequate training or coaching or who were not asked to do work

7    outside of their job duties. His claims that he was subjected to inadequate training and coaching

8    and asked to do work outside of his duties therefore fails to satisfy this element. Second, Jackson

9    has not identified similarly-situated individuals outside of his class were treated more favorable

10   with regard to his termination. Jackson's Complaint provides scant details about the termination.

11   But his EEOC Charge states that "the reason given for the lay-off is that the company was going

12   through financial issues" and that "[m]any other eployees within the company were laid off."

13   (Dkt. No. 10-1 at 4.) These allegations do not satisfy Jackson's burden to show that other

14   similarly-situated individuals outside of his protected group were treated better. Because Jackson

15   has not met his burden as to this element of his disparate treatment claim, the Court GRANTS

16   the Motion and DISMISSES them WITHOUT PREJUDICE because they could be saved

17   through amendment.

18   **C.    Retaliation Claims**

19        Boeing attacks Jackson's retaliation on two grounds: (1) Jackson failed to exhaust his

20   administrative remedies; and (2) Jackson fails to allege sufficient facts to satisfy the elements of

21   a retaliation claim. The Court agrees as to only the second argument.

22        **1.    Exhaustion**

23        Boeing argues that Jackson failed to exhaust his retaliation claim. The Court disagrees.

24

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 9

1    "Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely

2    charge with the EEOC, or the appropriate state agency, thereby affording the agency an

3    opportunity to investigate the charge." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th

4    Cir. 2002), as amended (Feb. 20, 2002) (citing 42 U.S.C. § 2000e–5(b)). "Subject matter

5    jurisdiction extends over all allegations of discrimination that either fell within the scope of the

6    EEOC's actual investigation or an EEOC investigation which can reasonably be expected to

7    grow out of the charge of discrimination." Id. at 1100 (citation and quotation omitted). The

8    "crucial" element is whether the plaintiff's claim was contained in the factual statement, rather

9    than whether the correct box was ticked. Id. (citation and quotation omitted). "Incidents of

10   discrimination not included in an EEOC charge may not be considered by a federal court unless

11   the new claims are like or reasonably related to the allegations contained in the EEOC charge."

12   Green v. Los Angeles Cnty. Superintendent of Sch., 883 F.2d 1472, 1475–76 (9th Cir. 1989)

13   (citation and quotation omitted). But courts construe the language of the administrative charge

14   "with utmost liberality since they are made by those unschooled in the technicalities of formal

15   pleading." B.K.B., 276 F.3d at 1100 (quoting Kaplan v. Int'l Alliance of Theatrical & Stage

16   Employees, 525 F.2d 1354, 1359 (9th Cir. 1975)).

17       Jackson sufficiently exhausted his retaliation claim through his EEOC complaint. First,

18   Jackson has checked the "retaliation" box on the EEOC form. (See Dkt. No. 10-1 at 3.) Second,

19   Jackson set out the alleged a handful of facts that support his claim that "[he] ha[d] been

20   subjected to retaliation and discrimination (harassment) in violation of Title VII of the Civil

21   Rights Act of 1964, as amended." (Id.) While Boeing challenges the sufficiency of those factual

22   allegations, the Court is not convinced that the facts supporting the claim were not sufficiently

23

24

1    raised in the EEOC Charge. Applying the proper, liberal standard, the Court is satisfied that

2    Jackson exhausted this claim. See <u>B.K.B.</u>, 276 F.3d at 1100.

3         **2.**      **Elements of Claim**

4         Boeing also argues that Jackson has failed to provide sufficient allegations to support his

5    retaliation claim. The Court agrees.

6         To state a claim for retaliation under Title VII, Jackson must allege that: (1) he engaged

7    in activity protected under federal law; (2) Boeing took an adverse employment action against

8    him; and (3) but-for his protected activity, he would not have suffered an adverse action. 42

9    U.S.C. § 2000e-3(a); <u>Univ. of Texas Sw. Med. Ctr. v. Nassar</u>, 570 U.S. 338, 362 (2013) ("[A]

10    plaintiff making a retaliation claim under § 2000e–3(a) must establish that his or her protected

11    activity was a but-for cause of the alleged adverse action by the employer."); <u>see</u> Ninth Cir. Jury

12    Instr. No. 10.8. Boeing argues that Jackson has failed to plausibly alleged he engaged in

13    protected activity or that he was terminated for engaging in protected activity. The Court reviews

14    both arguments.

15         The Court agrees that Jackson has failed to allege his involvement in any protected

16    activity. Jackson alleges that he was "assigned an R3 retention rating in May 2020 and laid off in

17    July 2020 in retaliation after bringing the issue with my K level manager to his supervisor, my L

18    level manager, in March 2020." (Compl. at 8.) But Jackson has not provided adequate detail as to

19    what specific issues he was raising to his manager and the supervisor and how that might qualify

20    as protected activity. Without more detail, the Court cannot determine whether this is protected

21    activity.

22         The Court also agrees that Jackson has not provided sufficient allegations that but-for his

23    engagement in protected activity, he suffered an adverse employment action. Jackson identifies

24

1    two adverse employment actions—an R3 retention rating and termination. Particularly given the

2    absence of clear allegations as to the protected activity, the Court cannot identify what the causal

3    connection is between Jackson's alleged protected activity and these two employment actions.

4    Based on the allegations in the Complaint, the Court finds that Jackson has not alleged sufficient

5    causation to satisfy his burden as to this element of his claim.

6         The Court therefore DISMISSES Jackson's retaliation claim for failure to adequately

7    allege the engagement in a protected activity and causation. The Court's dismissal is WITHOUT

8    PREJUDICE because the claims may be saved through amendment.

9                                              **CONCLUSION**

10        Boeing has identified several defects in Jackson's Title VII claims that require dismissal.

11   First, Jackson's disparate treatment claims that invoke adverse employment actions that predate

12   April 2, 2020 are DISMISSED WITH PREJUDICE because they are time barred and cannot be

13   saved by amendment. Second, Jackson's disparate treatment claims premised on the failure to

14   train, coach, and provide feedback or on being required to perform work outside of his jobs

15   duties are DISMISSED as time-barred and for being inadequately pleaded. These claims are

16   dismissed WITHOUT PREJUDICE, because they could be saved through amendment. Third,

17   Jackson's disparate treatment claim stemming from his termination is DISMISSED WITHOUT

18   PREJUDICE for failure to satisfy the elements of the claim. Fourth, although Jackson has

19   exhausted his retaliation claim, his Complaint fails to contain sufficient allegations to satisfy the

20   elements of such a claim. The Court DISMISSES the claim WITHOUT PREJUDICE. On these

21   grounds, the Court GRANTS Boeing's Motion.

22

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

       The Court GRANTS Jackson leave to file an amended complaint that addresses the deficiencies noted in this Order. Any amendment must be filed within 30 days of entry of this Order.

       The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

       Dated June 9, 2022.

Marsha J. Pechman
United States Senior District Judge