1
2
3
4
5
6
7

8         UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                    AT SEATTLE

10   LYNDON JACKSON,                        CASE NO. C21-654 MJP

11                  Plaintiff,              ORDER DENYING MOTION FOR
                                            RECONSIDERATION
12          v.

13   THE BOEING COMPANY,

14                  Defendant.

15

16      This matter comes before the Court on Plaintiff's Motion for Reconsideration. (Dkt. No.

17  53.) Having reviewed the Motion and all supporting materials, the Court DENIES the Motion.

18      In this District motions for reconsideration are disfavored. Local Civil Rule 7(h)(1). "The

19  court will ordinarily deny such motions in the absence of a showing of manifest error in the prior

20  ruling or a showing of new facts or legal authority which could not have been brought to its

21  attention earlier with reasonable diligence." Id.

22      Plaintiff asks the Court to reconsider its Order granting Defendant's Motion to Dismiss

23  and dismissing the action with prejudice. (Mot. at 1.) Invoking 60(b)(1), he asks the Court to

24

alter the entry of final judgment to allow him to file an amended complaint on the theory that there has been a "mistake, inadvertence, surprise or excusable neglect." (Mot. at 4.) Plaintiff explains that he retained counsel in Alabama for $2,000 to assist in "finalizing his complaint" by "add[ing] case law and complet[ing] claims with particularity." (Mot. at 3.) Due to circumstances that are unexplained, the attorney did not provide the assistance. (Id.)

"Rule 60(b)(1) of Civil Procedure provides that a court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. at 1223–24 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

While the Court is sympathetic to Plaintiff's request, it finds no grounds to reconsider its Order of dismissal or to alter the entry of judgment. First, Plaintiff has not argued or shown that the Court's decision was incorrect or that it constitutes manifest error under Local Civil Rule 7(h). Second, Plaintiff has failed to satisfy Rule 60(b)(1). Plaintiff was given multiple opportunities to file a complaint explaining the factual and legal basis for his claims. Plaintiff filed his Amended Complaint and did not flag the lack of assistance of counsel as a reason to allow further amendment. And although Plaintiff acted pro se, he showed that he was capable of amending his complaint to add more detailed factual allegations. In opposing the Motion to Dismiss, Plaintiff did not identify his counsel's lack of assistance in drafting the amended complaint and there is no indication that counsel would have assisted in opposing the Motion to

ORDER DENYING MOTION FOR RECONSIDERATION - 2

Dismiss. And in ruling on Defendant's Motion to Dismiss, the Court carefully considered Plaintiff's allegations in the Amended Complaint and continued to find that they failed to state a claim and could not be saved through amendment. The Court is not convinced that the counsel's failure to provide assistance in drafting the Amended Complaint constitutes a "mistake, inadvertence or excusable neglect" that might justify amending the judgment to allow for a further amendment to the complaint. As such, the Court DENIES the Motion.

The Court separately notes that to the extent that the attorney Plaintiff retained failed to provide legal services as agreed, Plaintiff may have legal claims against the attorney and may also wish to file a complaint with the Alabama Bar Association. But such complaints are not properly raised before this Court and the Court cannot consider them.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated January 11, 2023.

Marsha J. Pechman
United States Senior District Judge