UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNDON JACKSON,<br><br>              Plaintiff,<br><br>   v.<br><br>THE BOEING COMPANY,<br><br>             Defendant. | CASE NO. C21-654 MJP<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Relief from Judgment. (Dkt. No. 55.) Having reviewed the Motion and all supporting materials, the Court DENIES the Motion.

"Rule 60(b)(1) of Civil Procedure provides that a court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its

1    potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant

2    acted in good faith." Id. at 1223–24 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.

3    P'ship, 507 U.S. 380, 395 (1993)).

4          Plaintiff has failed to demonstrate any mistake, inadvertence, surprise, or excusable

5    neglect that might justify setting aside the judgment entered against the claims he pursued in this

6    action. Plaintiff argues that he encountered various hardships—the lack of a personal vehicle and

7    trouble upgrading his computer—that made it difficult to litigate this matter pro se. (Mot. at 7.)

8    But these difficulties do not amount to surprise or excusable neglect that might support relief

9    under Rule 60. Additionally, the Court does not find any merit in Plaintiff's argument that

10   because the claims he pursued were complex, he is entitled to relief under Rule 60. Plaintiff cites

11   to no authority to support this contention, and the Court finds that any complexity in the claims

12   Plaintiff pursued does not entitle him to relief under Rule 60. Similarly, while the Court remains

13   sympathetic to Plaintiff's claim he paid for legal services that were never received, this fact does

14   not justify setting aside the judgment. As the Court previously explained:

> to the extent that the attorney Plaintiff retained failed to provide legal services as agreed, Plaintiff may have legal claims against the attorney and may also wish to file a complaint with the Alabama Bar Association. But such complaints are not properly raised before this Court and the Court cannot consider them.

(Order Denying Mot. for Reconsideration at 3 (Dkt. No. 54).) Lastly, the Court is unconvinced by Plaintiff's argument that the Court's limited appointment of counsel constitutes grounds to set aside judgment. The Court previously considered and rejected this argument. (Id. at 2-3.) And any limitation of court-appointed counsel does not constitute a mistake, inadvertence, surprise, or excusable neglect sufficient to satisfy Rule 60.

      The Court further rejects Plaintiff's request for reconsideration of the Court's Order Denying Plaintiff's Motion for Reconsideration. (Mot. at 15.) In this District motions for

reconsideration are disfavored. Local Civil Rule 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id. And such motions must be brought within fourteen days of entry of the order for which reconsideration is sought. Local Civil Rule 7(h)(2). Here, Plaintiff's request is untimely, as the order at issue was entered nearly a year ago. Additionally, Plaintiff has not identified any manifest error in the prior order. Instead, he explains that he seeks to add new claims and to attempt to address existing pleading deficiencies. But such efforts do not demonstrate manifest error and the Court finds no grounds to permit amendment given that the claims were dismissed and judgment was entered November 2022. (Dkt. Nos. 51, 52.)

Lastly, the Court finds that appointment of counsel is not proper given that there is no present dispute pending before the Court and Plaintiff has not shown any viable basis to reopen this matter.

The Court therefore DENIES Plaintiff's Motion and this case remains closed.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated November 22, 2023.

Marsha J. Pechman
United States Senior District Judge