1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   LYNDON JACKSON,                          CASE NO. C21-654 MJP

11                      Plaintiff,            ORDER DENYING SECOND
                                              MOTION FOR RELIEF FROM
12            v.                              JUDGMENT

13   THE BOEING COMPANY,

14                      Defendant.

15

16          This matter comes before the Court on Plaintiff's  Response to the Court's Order

17   Denying Motion for Relief from Judgment, which the Court construes as Second Motion for

18   Relief from Judgment. (Dkt. No. 57.) Having reviewed the Motion and all supporting materials,

19   the Court DENIES the Motion.

20                                  **BACKGROUND**

21          Plaintiff Lyndon Jackson pursued claims that he endured racial discrimination and

22   retaliation while employed at Boeing from March 2019 through July 2020. (See, e.g., Amended

23   Complaint ("AC") ¶¶ 1, 18-19, 22-24, 36-37, 40-43, 45-50, 54, 56- 95.)  He pursued

24

**ORDER DENYING SECOND MOTION FOR RELIEF FROM JUDGMENT - 1**

1   discrimination and retaliation claims under federal and state law, and other state law claims. (See

2   Order on Motion to Dismiss Amended Complaint (Dkt. No. 51).) Plaintiff filed the action pro se.

3   But the Court granted, in part, a request for appointment of counsel, and appointed counsel to

4   assist in serving his complaint, preparing a joint status report, and representing Plaintiff in

5   connection with any alternative dispute resolution negotiations. (Dkt. No. 26 & 27.) The Court

6   granted Defendant's motion to dismiss the initial complaint after Plaintiff completed service.

7   (Dkt. No. 38.) But after being given leave to amend, Plaintiff filed an amended complaint pro se.

8   (Dkt. No. 39.) Defendants again moved for dismissal. (Dkt. No. 40.) After giving Plaintiff

9   additional time to file his opposition, the Court granted the motion and dismissed Plaintiff's

10  claims with prejudice, barring further amendments. (Dkt. No. 51.) The Court also denied

11  Plaintiff's fourth request for appointment of counsel, and entered judgment on November 11,

12  2022 (Id.; Dkt. No. 52.) Plaintiff moved for reconsideration of entry of judgment on December 5,

13  2022. (Dkt. No. 53.) The Court denied the Motion on January 11, 2023, and Plaintiff filed no

14  appeal of the Court's judgment or denial of reconsideration. (Dkt. No. 54.)

15      Roughly ten months after the Court denied Plaintiff's Motion for Reconsideration,

16  Plaintiff filed a Motion for Relief from Judgment. (Dkt. No. 55.) The Court denied the Motion,

17  finding that Plaintiff was not entitled to relief under Rule 60(b)(1), that reconsideration was

18  improper under Local Rule 7(h), and that there were no grounds to appoint counsel. (Dkt. No.

19  56.) Plaintiff filed the present "Response" to the Court's Denial, which again seeks relief

20  Plaintiff sought in his earlier Motion for Relief from Judgment. (Dkt. No. 57.) For the sake of

21  completeness, the Court reviews Plaintiff's arguments presented in his current Response/Motion.

22      First, Plaintiff contends that he is entitled to and should be given a hearing under Rule

23  12(i) and a pretrial conference under Rule 16(a) so that he can discuss the merits of his Motion.

24

**ORDER DENYING SECOND MOTION FOR RELIEF FROM JUDGMENT - 2**

1   (Mot. at 9.) Plaintiff specifically argues that "the cause of fatal defects in his amended complaint

2   (Dkt. No. 39) was a failure by an unidentified person to assist in drafting the amended

3   complaint" and the Court should speak to this person to find out more. (Mot. at 10.)

4       Second, Plaintiff again argues that he is entitled to relief under Rule 60(b) due to the

5   actions of the unidentified person who failed to assist in drafting the amended complaint, the

6   limited nature of his court-appointed counsel, and the potential for ADR. (See Mot. at 8-11.) He

7   also identifies other nonspecific "unforeseen hardships" that he believes satisfy Rule 60(b). (See

8   id. at 13.)

9       Third, Plaintiff argues that his request for reconsideration is not "as untimely as the Court

10  makes it seem." (Mot. at 11.) He argues that his prior Motion for Relief from Judgment (Dkt. No.

11  55) provided "new and additional details that support the original motion for reconsideration.

12  (Dkt. No. 53)." (Id. at 12.)

13      Fourth, Plaintiff argues that he is entitled to leave to amend his complaint under Rule

14  15(a)(2) and the Court did not rule on this same request in ruling on his first Motion for Relief

15  from Judgment. (Mot. at 10-11, 12-13.) Plaintiff contends he has not had sufficient opportunity

16  to plead his claims and that he was thwarted in his efforts to save his claims due to an

17  "unidentified person's failure to assist in drafting the Plaintiff's amendment complaint" and other

18  "unforeseen hardships." (Mot. at 13.) Plaintiff argues that this satisfies Rule 15(a)(2)'s

19  requirements. (Id.)

20      Fifth, Plaintiff argues that the Court should reopen the case and order alternative dispute

21  resolution (ADR) with court appointed counsel. (Mot. at 14-15.) Plaintiff provides little

22  argument, but points out that the Court previously appointed counsel to assist in ADR settlement

23  negotiations.

24

**ORDER DENYING SECOND MOTION FOR RELIEF FROM JUDGMENT - 3**

1    Sixth, Plaintiff again argues that he should be appointed counsel to assist him in drafting

2    an amended complaint and that the failure to do so constitutes a basis for relief under Rule 60.

3    (Mot. 15-17.) Plaintiff argues that he should be appointed counsel and the Court should have

4    appointed counsel before dismissing this case. (Id.) Plaintiff suggests that he wishes to argue his

5    point orally during a hearing so that he can convince the Court to appoint counsel. (Id.)

6                                    **ANALYSIS**

7    **A.      No Entitlement to Hearing**

8            Invoking both Rule 12(i) and 16(a), Plaintiff asks the Court to hold a hearing on his

9    Motion. The Court finds no merit to this request.

10           First, Rule 12(i) addresses the requirement for the Court to hear and decide any motion to

11   dismiss filed under Rule 12(b)(1)-(7) or 12(c) before trial. Fed. R. Civ. P. 12(i). The Rule

12   provides no authority to support Plaintiff's request for a hearing on his Motion for Relief of

13   Judgment, which, because it does not seek dismissal of claims, is not properly considered a

14   Motion filed under Rule 12.

15           Second, the Court finds no merit to Plaintiff's request for a pretrial hearing under Rule

16   16(a). As Rule 16(a) explains, the Court may order a pretrial conference for a variety of reasons,

17   including expediting disposition of the action, managing the litigation, discouraging wasteful

18   pretrial activities, improving the quality of trials, and facilitating settlement. Fed. R. Civ. P.

19   16(a). The Rule itself presupposes that an action has not been dismissed and that the litigation is

20   proceeding towards trial. Here, the Rule has no application because this matter was dismissed

21   long ago and there are no reasons for conducting a pretrial conference on a long-dismissed

22   matter.

23

24

**ORDER DENYING SECOND MOTION FOR RELIEF FROM JUDGMENT - 4**

The Court separately notes that the Local Rules allow litigants to request oral argument on any motions they may file with the Court. Local Civil Rule 7(b)(4). Plaintiff has properly made a request for oral argument under this rule. But as Local Rule 7(b)(4) explains, "[u]nless otherwise ordered by the court, all motions will be decided by the court without oral argument." The Court is aware of Plaintiff's request for oral argument, but it finds no reason to entertain oral argument on the motion given the lack of merit in any of the arguments Plaintiff has repeatedly pressed before the Court on these same issues. The Court finds that oral argument would not clarify any issues or allow for any greater justice than is possible by ruling on the Motion as filed. The Court therefore DENIES the request for a hearing.

**B.      Relief From Final Judgment Not Proper**

Plaintiff again asks the Court to reconsider and set aside the judgment it entered. (Mot. at 5-6.) The Court continues to find no grounds for relief.

"Rule 60(b)(1) of Civil Procedure provides that a court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. at 1223–24 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). Additionally, Rule 60(b)(6) provides a catchall provision allowing for relief from judgment for "any other reason." Fed. R. Civ. P. 60(b)(6). Under Rule 60(b)(6), the Ninth Circuit has explained that the court should decide a request to vacate "in light of the consequences and attendant hardships of dismissal or refusal to dismiss and the competing

1  values of finality of judgment and right to relitigation of unreviewed disputes." Am. Games, Inc.

2  v. Trade Prod., Inc., 142 F.3d 1164, 1168 (9th Cir. 1998) (citation and quotation omitted).

3       Plaintiff has failed to demonstrate any mistake, inadvertence, surprise, or excusable

4  neglect that might justify setting aside the judgment under Rule 60(b)(1). On this issue, the Court

5  adopts its prior Order's that addressed these same arguments. (See Dkt. No. 56 at 2.) The Court

6  also addressed Plaintiff's argument that the "failure by an unidentified person to assist in drafting

7  the amended complaint," the limited scope of his court-appointed counsel, the potential for ADR,

8  and "unforeseen hardships" all justify relief under Rule 60(b). (See Mot. at 8-11, 13.) None of

9  these reasons convinces the Court that relief under Rule 60(b). They do not show any mistake,

10 inadvertence, surprise, or excusable neglect. See Bateman, 231 F.3d at 1223. Plaintiff has not

11 met his burden under Rule 60(b)(1).

12      Plaintiff also fails to convince the Court that Rule 60(b)(6) supports setting the judgment

13 aside. While the Court is sympathetic to Plaintiff's argument that he relied to his detriment on an

14 unidentified person to help him draft an amended complaint, it does not find this fact warrants

15 setting aside the dismissal. Plaintiff was free to retain counsel to assist him, but by voluntarily

16 filing this lawsuit pro se he otherwise needed to represent himself in this matter to see it through.

17 The unidentified person's failure to provide Plaintiff assistance in drafting an amended complaint

18 does not justify setting aside the judgment and disturbing the finality of this action. Plaintiff was

19 given two opportunities to plead his claims and he failed to satisfy the pleading requirements of

20 Rules 8 and 9. And the Court properly considered Plaintiff's pro se status in measuring the

21 adequacy of the pleadings. The hardships and inequities that Plaintiff identifies do not convince

22 the Court it should disturb the judgment entered in this matter.

23      The Court again DENIES the Motion for Relief from Judgment.

24

**ORDER DENYING SECOND MOTION FOR RELIEF FROM JUDGMENT - 6**

1  **C.      Motion for Reconsideration is Untimely and Unpersuasive**

2          Plaintiff appears to argue that the Court wrongly determined that his request for

3  reconsideration filed in his Motion for Relief from Judgment was untimely. (Mot. at 11.) This

4  argument lacks merit.

5          Plaintiff's prior Motion for Relief from Judgment sought, in part, reconsideration of the

6  Court's Order dismissing this action. (Dkt. No. 55 at 5.) The Dismissal Order was issued on

7  November 9, 2022. (Dkt. Nos. 51 & 54.) But Plaintiff did not file his Motion for Relief from

8  Judgment until November 2023. The Local Rules require a motion for reconsideration to be filed

9  within fourteen days of entry of the order at issue. Local Civil Rule 7(h)(1). These simple facts

10  show that the motion was untimely.

11          Even if the Motion for Relief from Judgment was timely filed, the request for

12  reconsideration fails on the merits. "The court will ordinarily deny such motions [for

13  reconsideration] in the absence of a showing of manifest error in the prior ruling or a showing of

14  new facts or legal authority which could not have been brought to its attention earlier with

15  reasonable diligence." Local Civil Rule 7(h)(1). Plaintiff has not identified any new facts or legal

16  authority that might demonstrate manifest error in any of the Orders he seeks to undo.

17          The Court again DENIES the request for reconsideration.

18  **D.      Leave to Amend Not Proper**

19          Plaintiff asks the Court for leave to amend under Rule 15(a). While Plaintiff is correct

20  that leave should be freely given to amend, see Fed. R. Civ. P. 15(a)(2), this rule has no

21  application to this action. The Court long ago dismissed the claims with prejudice and entered

22  judgment against Plaintiff on his claims after providing him two opportunities to plead viable

23  claims. (See Dkt. Nos. 38 & 51.) To the extent that Plaintiff believed the Court should have

24

given him a third opportunity to plead his claims, he should have appealed the Court's dismissal with prejudice to the Ninth Circuit. Plaintiff chose not to file an appeal. And because Plaintiff has twice failed to convince the Court to set aside the judgment, there is no basis to allow the filing of an amended complaint in a case that has been terminated and remains closed. The Court DENIES the request to amend.

**E.      Compelling ADR Not Proper**

Plaintiff argues that the Court should order the parties to participate in ADR "as the Court has already appointed counsel for this purpose." (Mot. at 15.) But there is no logical support for this request. The case was dismissed, and judgment entered in late 2022. So while the Court did appoint counsel to assist in ADR proceedings, there is no live case or controversy before the Court for which ADR might be appropriate. And as Plaintiff expressly notes, the Local Civil Rules make ADR voluntary unless the Court decides to order it. Plaintiff has provided no argument or explanation as to why ADR should be ordered, particularly for a case that is no longer live and was long ago dismissed. The Court DENIES the request to compel ADR.

**F.      No Grounds to Appoint Counsel**

The Court remains unconvinced that it should appoint counsel to represent Plaintiff.

Before addressing the merits of the request, the Court reviews some of the history of Plaintiff's request for appointment. The Court has previously solicited the recommendation of the District's Non-prisoner Civil Rights Case Screening Committee on whether counsel should be appointed. (Dkt. No. 25.) The Committee recommended only a limited appointment based on its review of the allegations and the Court appointed counsel on a limited basis consistent with that recommendation. (Dkt. Nos. 26 & 27.)

"[T]here is "no constitutional right to counsel in a civil case." <u>Adir Int'l, LLC v. Starr</u>
<u>Indem. & Liab. Co.</u>, 994 F.3d 1032, 1038–39 (9th Cir. 2021). But under 42 U.S.C. § 2000e-
5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem
just, the court may appoint an attorney for such complainant and may authorize the
commencement of the action without the payment of fees, costs, or security." "Three factors are
relevant to the trial court's determination whether to appoint counsel: (1) the plaintiff's financial
resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the
meritoriousness of plaintiff's claim." <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266,
269 (9th Cir. 1982).

Plaintiff has failed to convince the Court that appointment would be proper given the
absence of any indication that he is pursuing meritorious claims. The Court has twice assessed
the merits of Plaintiff's claims and found them to lack merit. (Dkt. Nos. 38 & 51.) Nothing
Plaintiff identifies in his Motion suggests that there is merit in any of his claims. And to the
extent that Plaintiff proposed to add new claims in his prior Motion for Relief from Judgment,
the Court finds no evidence that those claims have merit. Without meritorious claims, Plaintiff's
request for appointment of counsel cannot be granted. <u>See</u> <u>Ivey</u>, 673 F.2d at 269. Plaintiff has
had ample opportunity to present his claims in this matter, and the Court finds no equitable basis
to appoint counsel in this closed matter. The Court DENIES the Motion to Appoint.

## CONCLUSION

The Court understands that Plaintiff is disappointed in the outcome of this case. The
Court also understands that litigating as a non-lawyer poses challenges to having your day in
court. But the Court here has secured <u>pro bono</u> legal assistance to Plaintiff and considered his <u>pro</u>
<u>se</u> status in ruling on the various motions that have been filed. So while the Court recognizes that

Plaintiff has faced several hardships in trying to litigate this matter, they do not support granting any of the relief Plaintiff seeks. After the Court dismissed this action and denied reconsideration, Plaintiff's proper course of action was to appeal to the Ninth Circuit where he could have asked for relief from the Court's dismissal. Plaintiff chose not to do so, and the Court remains unconvinced that there exist any grounds to vacate judgment or bring this case back to life. The case shall remain closed, and the Court DENIES the Motion.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated January 12, 2024.

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING SECOND MOTION FOR RELIEF FROM JUDGMENT - 10